**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

DENISE EZELL,
an individual,

Plaintiff,

Case No. 2:24-cv-11658
Hon. Robert J. White

V

MGM RESORTS INTERNATIONAL
a Delaware Corporation,

Defendant.

**AMENDED COMPLAINT AND JURY DEMAND**

---

**AMENDED COMPLAINT AND JURY DEMAND**

Now Comes Plaintiff, Denise Ezell, by and through her attorneys the Law Offices of Ivan L. Land, P.C. and states the following in her Amended Complaint pursuant to Rule 15 a(1)(B).

**PARTIES**

1. Plaintiff, Denise Ezell (hereinafter “PLAINTIFF”), resides in Wayne County, Michigan.

2. Defendant, MGM RESORTS INTERNATIONAL (hereinafter “DEFENDANT MGM”), is a Delaware Corporation doing business in Wayne County, Michigan under one of its Regional Operations MGM Grand Detroit.

## JURISDICTION AND VENUE

3. Jurisdiction is proper under 28 U.S.C. §1332(a)(1) because PLAINTIFF is a resident of Michigan, and DEFENDANT MGM, is a Delaware Corporation with its principal place of business in Nevada. Therefore, there is complete diversity of citizenship between the parties. Furthermore, PLAINTIFF seeks damages for more than $75,000 (Seventy-Five Thousand Dollars) exclusive of interest and cost. Therefore, diversity jurisdiction exists, and this court has jurisdiction.

4. Venue is proper under 28 U.S.C. §1391(b), as the events giving rise to the claims asserted in this complaint occurred within this district.

## FACTS

5. DEFENDANT MGM owns MGM Grand Detroit (located at 1777 3rd Avenue Detroit, MI 48226) where this cause of action arose.

6. PLAINTIFF, a state of Michigan employee, has gambled at DEFENDANT MGM's Casino (MGM Grand Detroit) for over twenty years.

7. PLAINTIFF gambles at DEFENDANT MGM's casino every other Thursday when she receives her paycheck and on the weekends.

8. On or around October 30, 2023, PLAINTIFF went to DEFENDANT MGM's casino to gamble.

9. While playing Progressive Blackjack with one other participant, PLAINTIFF won a jackpot totaling over $127,000 (See Exhibit 1).

10. PLAINTIFF was congratulated by DEFENDANT MGM's dealer (who dealt the winning hand), stating "Congratulations you got the big pay day coming."

11. PLAINTIFF gave her driver's license to one of DEFENDANT MGM's pit bosses to obtain her winnings.

12. After approximately fifteen minutes, Plaintiff was informed by another DEFENDANT MGM employee that she would not be receiving her winnings because she was trespassing.

13. PLAINTIFF was baffled by what she was told about trespassing because she had no idea what the employee was talking about.

14. The employee told PLAINTIFF that it was an incident that had occurred in 2015 over eight years ago.

15. PLAINTIFF still had no idea what the DEFENDANT MGM employee was talking about.

16. DEFENDANT MGM's employee told PLAINTIFF that the 2015 incident involved panhandling.

17. Back in 2015, PLAINTIFF was asked to leave the casino after having an argument with her cousin at the blackjack table regarding some money.

18. DEFENDANT MGM's security guard approached PLAINTIFF and stated, "you have to leave the casino because you are panhandling."

19. PLAINTIFF attempted to explain to DEFENDANT MGM's employee that the individual was her cousin that she was arguing with.

20. In 2015 when PLAINTIFF was being escorted out of the casino, PLAINTIFF ask the DEFENDANT MGM's security guard, "how long will this last?" and the security guard stated, "24 to 48 hours."

21. PLAINTIFF was not given any notice stating that she was permanently barred from DEFENDANT MGM's casino.

22. PLAINTIFF continued to gamble at the casino over the years playing Progressive Blackjack.

23. After winning the jackpot in October of 2023, while being escorted out of the casino because of the alleged 2015 panhandler's issue, PLAINTIFF was given a telephone number to DEFENDANT MGM's security department.

24. PLAINTIFF called DEFENDANT MGM's security department over the next several days following her jackpot win.

25. PLAINTIFF finally spoke over the telephone to Greg Jones (hereinafter

26. "Mr. Jones") from DEFENDANT MGM's security department.

27. PLAINTIFF was inquiring about the trespassing issue, when Mr. Jones stated, "Don't worry about them saying you were trespassing, we are going to get you your jackpot."

28. Mr. Jones told PLAINTIFF he would call her back.

29. Mr. Jones called PLAINTIFF back and told PLAINTIFF that, "this matter has been escalated up because it was out of his pay grade."

30. PLAINTIFF submitted a dispute letter to the Michigan Gaming Control Board (See Exhibit 2).

31. The Michigan Gaming Control Board responded by stating that, "The Board has no authority to award any money or other relief directly to a patron (See Exhibit 3).

32. DEFENDANT MGM responded to PLAINTIFF's dispute letter and "concluded that MGM Grand Detroit, LLC acted appropriately" (See Exhibit 4).

33. As of today's date, PLAINTIFF has not been paid her winnings.

**COUNT I**
**BREACH OF ALEATORY CONTRACT**

34. PLAINTIFF incorporates by reference the above paragraphs.

35. PLAINTIFF entered a valid aleatory contract with DEFENDANT MGM by playing at their casino, where the outcome depended on uncertain events.

36. PLAINTIFF performed her obligations under the contract by playing the games in accordance with the rules set forth by DEFENDANT MGM.

37. DEFENDANT MGM failed to perform its obligation under the contract by refusing to pay PLAINTIFF her rightful winnings, which were due based on the uncertain event's outcome.

38. DEFENDANT MGM's conduct constitutes as a breach of the aleatory contract as they did not fulfill their obligation to pay the winnings.

39. PLAINTIFF has suffered damages due to DEFENDANT MGM's breach,

40. specifically, the non-payment of her jackpot winnings.

**COUNT II**
**<u>PROMISSORY ESTOPPEL</u>**

41. PLAINTIFF incorporates by reference the above paragraphs.

42. In 2015, when PLAINTIFF was being escorted out of the casino because she had a disagreement with another patron, PLAINTIFF asked the DEFENDANT MGM security guard who escorted her out, "how long will this last?" and the security guard stated, "24 to 48 hours."

43. PLAINTIFF started gambling back at the casino after the 48 hours had passed.

44. PLAINTIFF had gambled at the casino for years following the 2015 incident.

45. Then on October 30, 2023, PLAINTIFF won a progressive jackpot for $127,000, and DEFENDANT MGM's dealer (who dealt the winning hand), made a statement to PLAINTIFF that she would be paid her jackpot winnings stating to PLAINTIFF, "Congratulations you got the big pay day coming."

46. Furthermore, Mr. Jones from DEFENDANT MGM's security department made a promise to PLAINTIFF that she would be paid her jackpot winnings stating to PLAINTIFF, "Don't worry about them saying you were trespassing, we are going to get you your jackpot."

47. PLAINTIFF reasonably relied on DEFENDANT MGM's employees' statements and acted to her detriment.

48. PLAINTIFF's reliance on DEFENDANT MGM's employees' statements was foreseeable and substantial.

49. DEFENDANT MGM's subsequent failure to fulfill the promises has caused harm and injuries to PLAINTIFF.

## COUNT III
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

50. PLAINTIFF incorporates by reference the above paragraphs.

51. In the manner described more fully above, DEFENDANT MGM engaged in extreme and outrageous conduct by failing to pay PLAINTIFF her jackpot when she won it.

52. As a proximate result of this conduct, PLAINTIFF suffered injuries including but not limited to severe emotional distress.

WHEREFORE, PLAINTIFF prays for judgment against DEFENDANT MGM for compensatory and non-compensatory damages in the amount of One Million, Two Hundred and Seventy Thousand Dollars ($1,270,000), and to award costs, interests, attorney fees, as well as any other damages, that this Honorable Court deems just.

Dated: September 3, 2024

/s/Ivan L. Land
Ivan L. Land (P65879)
Law Offices of Ivan L. Land, P.C.
25900 Greenfield Rd., Suite 210
Oak Park, MI 48237-1267
248.968.4545 / (f) 248.968.4540
ill4law@aol.com
**Attorney for PLAINTIFF**

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

DENISE EZELL,
an individual,

Plaintiff,

Case No. 2:24-cv-11658
Hon. Robert J. White

V

MGM RESORTS INTERNATIONAL
a Delaware Corporation,

Defendant.

**DEMAND FOR TRIAL BY JURY**

---

**DEMAND FOR TRIAL BY JURY**

PLAINTIFF, Denise Ezell, by and through her attorneys the Law Offices of Ivan L. Land, P.C. hereby demands a trial by jury.

Dated: September 3, 2024

/s/Ivan L. Land
Ivan L. Land (P65879)
Law Offices of Ivan L. Land, P.C.
25900 Greenfield Rd., Suite 210
Oak Park, MI 48237-1267
248.968.4545 / (f) 248.968.4540
ill4law@aol.com
**Attorney for PLAINTIFF**

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing amended complaint with the Court Clerk via ECF on September 3, 2024, to serve all parties.

/s/Ivan L. Land
Ivan L. Land